UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

DEBBIE MORRIS

       Plaintiff

vs.

LEE COUNTY                                              Case No.

       Defendant

&

SUNSHINE MOBILE VILLAGE
RESIDENTS ASSOCIATION INC.

       Defendant

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff DEBBIE MORRIS, by and through her undersigned counsel and sues the Defendants, LEE COUNTY and SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION INC. and states as follows:

### INTRODUCTION

1. This is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. § 3601.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq.

3. Venue is proper in the Middle District of Florida, Ft Myers Division, under 28 U.S.C. §1391(b) because these claims arose in this judicial district.

## PARTIES

4. Plaintiff DEBBIE MORRIS (MORRIS or Plaintiff) is a resident of Lee County who resides in a unit within a mobile home park known as SUNSHINE MOBILE VILLAGE.

5. Defendant LEE COUNTY is a political subdivision of the State of Florida.

6. Defendant SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION, INC. ("SUNSHINE") is a Florida non-profit corporation, with its principle address at 13701 Shoveler Drive, Fort Myers, FL 33980, responsible for administering and governing its housing complex pursuant to its Articles of Incorporation, Declaration of Condominium and By-Laws, and its Rules and Regulations.

## FACTS

7. MORRIS suffers and has a history from suffering from a mental impairment that substantially limits one or more of her major life activities, including cognition and self-care. Accordingly, MORRIS has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

8. MORRIS resides at 13651 Gannet Drive, Ft. Myers, FL 33908.

9. MORRIS's home and lot constitute a dwelling within the meaning of 42 USC § 3602(b) of the FHA.

10. In order to have equal use and enjoyment of her home, it is imperative that MORRIS had the ability to live with her emotional support animals, four Rhode Island Reds named Rita, Rhonda, Raquel and Rodey.

11. MORRIS's ESAs provide companionship and affection that ameliorate the symptoms of her disabilities.

12. At all times relevant to this complaint, Defendants LEE COUNTY and SUNSHINE had actual knowledge of MORRIS's disabilities and her need to reside with her ESAs for disability related emotional support.

13. LEE COUNTY and SUNSHINE were provided a letter from MORRIS's psychiatrist Dr. Tariq Halim attesting that MORRIS's emotional support animals are necessary for MORRIS's mental health "because their presence will mitigate the symptoms she is currently experiencing." See August 12, 2019 verification letter from Board Certified Psychiatrist Dr. Tariq Halim, attached hereto and incorporated by reference as Exhibit A.

14. On September 3, 2019 SUNSHINE responded through counsel demanding extraneous information regarding MORRIS's need for an accommodation as well as information that had already been provided. For example, SUNSHINE demanded to know "what each chicken does for you which the other cannot" and the credentials of the medical provider. See September 3, 2019 constructive denial letter attached hereto and incorporated by reference as Exhibit B.

15. The accommodation requested from SUNSHINE by MORRIS is to live with her four chickens, and unless the accommodation MORRIS requested would cause an undue burden or a fundamental alteration of the services provided, the accommodation she requested must be granted.

16. MORRIS has no obligation to prove that each chicken does something unique that another chicken cannot.

17. Dr. Tariq Halim identified himself as a board-certified general psychiatrist and provided his Florida licensure information; SUNSHINE has all the information required regarding Dr. Halim's credentials to which it is entitled.

18. SUNSHINE's demand for extraneous information greatly exacerbated the symptoms of MORRIS's disability.

19. On September 26, 2019 MORRIS asked through counsel that pursuant to the FHA, LEE COUNTY waive any restriction that would prevent MORRIS from living with her ESAs at her home within the Sunshine Mobile Home community in Sebastian Florida. See September 26, 2019 Request for Accommodation, attached hereto and incorporated by reference as Exhibit C.

20. The request for accommodation ended with an offer to explore alternatives that would enable the chickens to continue to provide emotional support to MORRIS, specifically:

    *My client and I are ready and willing to engage in dialogue regarding reasonable conditions that would mitigate any negative impacts stemming from Ms. Morris's chickens. May I please hear from you regarding this matter?*

21. LEE COUNTY responded through counsel on October 9, 2019, flatly refusing to accommodate MORRIS's need to reside with her ESAs or even discuss waiving the restriction that prevents MORRIS from continuing to keep her ESAs. See Letter Denying Request for Accommodation attached hereto and incorporated by reference as Exhibit D.

22. LEE COUNTY implied that MORRIS is faking her disabilities in order to get around the COUNTY's zoning restriction, pointing out that MORRIS did not reveal her status as a person with a disability until she had contact from LEE COUNTY code enforcement.

23. MORRIS had no reason or obligation to reveal to LEE COUNTY the fact that she suffers from disabilities until MORRIS requested an accommodation.

24. LEE COUNTY nitpicked the letter provided by MORRIS's psychiatrist stating that the letter "does not explain or establish that the presence of one chicken alleviates any need created by her alleged disability, let alone how the presence of multiple chickens are necessary to address such a need." However, LEE COUNTY did not request additional information regarding MORRIS's disabilities, but instead flatly denied the requested accommodation.

25. After pettifogging the letter written by MORRIS's psychiatrist, whom presumably is in a far better position to evaluate MORRIS's disability related needs than the LEE COUNTY's attorney, LEE COUNTY denied the requested accommodation based upon the bald assertion that allowing MORRIS to live with her 4 chickens in her home would constitute a fundamental alteration of the County's zoning regime.

26. LEE COUNTY has targeted MORRIS for legal action for her violation of the zoning provision LEE COUNTY refuses to waive as an accommodation of MORRIS's disability.

27. LEE COUNTY'S prosecution of MORRIS for alleged code violations greatly exacerbated the symptoms of MORRIS's disabilities.

28. Guidance from the Department of Housing and Urban Development (HUD) governs the scope of inquiry a housing provider may legally make regarding a potential resident's need to reside with an assistance animal. Specifically, a housing provider may request a person seeking a reasonable accommodation "to provide documentation from a physician, psychiatrist, social worker, or other mental health professional that the animal provides emotional support that alleviates one or more of the identified symptoms or effects of an existing disability." Per HUD, such documentation "is sufficient if it establishes that an individual has a disability and that the animal in question will provide some type of disability-related assistance or emotional support."

29. MORRIS provided documentation from her psychiatrist that her hens provide emotional support "will mitigate the symptoms she is currently experiencing" and accordingly the documentation is sufficient.

30. At all times relevant to this complaint, DEFENDANTS had actual knowledge of MORRIS's disabilities and her need for the support provided by her ESAs.

31. DEFENDANTS' failure to modify their policies to accommodate MORRIS'S disability is discriminatory and unlawful.

32. DEFENDANTS' actions were intentional, deliberate, willful and in total and reckless disregard of MORRIS'S rights and show total indifference to MORRIS'S disabilities.

33. MORRIS has been injured by DEFENDANTS' discriminatory practices and therefore MORRIS is an "aggrieved person" pursuant to 42 U.S.C. § 3602(i), FHA.

34. As a direct and proximate result of DEFENDANTS' conduct, MORRIS incurred attorney's fees and has suffered and continues to suffer irreparable loss and injury

including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

35. MORRIS retained undersigned counsel and are obligated to pay a reasonable fee for their services.

36. All conditions precedent to the Plaintiff bringing this action have occurred, or the performance of such conditions have been waived by the Defendants.

## COUNT I
## LEE COUNTY'S FAILURE TO REASONABLY ACCOMMODATE

37. Plaintiff re-alleges and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

38. MORRIS suffers from and has a history of suffering from a mental impairment that substantially limits her major life activities.

39. MORRIS is a person with disabilities and thus protected under the FHA.

40. MORRIS is an aggrieved person as contemplated under 42 U.S.C. § 3602.

41. MORRIS requested that LEE COUNTY waive its zoning restrictions so that she may reside with her ESAs and benefit from the assistance provided by her ESAs in coping with the symptoms of her disabilities.

42. LEE COUNTY was provided reliable verification of MORRIS's disabilities and need to live with her ESAs.

43. LEE COUNTY was specifically invited to engage in dialogue regarding MORRIS's requested accommodation.

44. LEE COUNTY unlawfully denied MORRIS's reasonable accommodation request, based on mental disability, for waiver of any local land use and zoning restriction that

would prevent her from continuing to live with and receive emotional support from her ESAs.

45. MORRIS is entitled to a reasonable accommodation as living with her hens for emotional support.

46. MORRIS requires the ability to live with her ESAs in order to have the same opportunity to enjoy her dwelling as any other non-disabled resident.

47. LEE COUNTY has actual knowledge of MORRIS's disability and her need for an accommodation.

48. MORRIS provided reliable third-party verification of her disabilities from her psychiatrist.

49. LEE COUNTY's failure to modify its policies to accommodate MORRIS's disabilities is discriminatory and unlawful.

50. Such conduct by LEE COUNTY is in total and reckless disregard of MORRIS's rights.

51. Defendant LEE COUNTY , though its conduct and acts described above, violated 42 U.S.C. § 3604(f), FHA, by failing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford MORRIS an equal opportunity to use and enjoy her dwelling.

52. Allowing MORRIS to reside in her own home with her four hens will not constitute a fundamental alteration of the County's zoning regime.

53. LEE COUNTY knows or should know that the threat of removal of her ESAs, and/or legal actions including accruing daily fines puts MORRIS at imminent risk of serious emotional distress and medical harm.

54. LEE COUNTY is or should be fully aware there is no legal basis to deny MORRIS's request to be exempted any and all local land use and zoning ordinances that would prevent her from living with her ESAs.

55. All conditions precedent to the Plaintiff bringing this action have occurred, or the performance of such conditions have been waived by LEE COUNTY.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs request that this Court and the jury:

A. Issue a permanent injunction to enjoin Defendant: (i) from taking any adverse actions whatsoever against Plaintiff in relation to or regarding her emotional support animals; (ii) from initiating any legal action against Plaintiff related to any and all local land use and zoning ordinances that would require the removal of her emotional support animals; (iii) from initiating or levying any fines or other punitive monetary measures against Plaintiff related to any and all local land use and zoning ordinances; (iv) s from denying Plaintiff's request for reasonable accommodation; (v) from interfering with Plaintiff's rights under the FHA; and (vi) from contacting Plaintiff through any means or manner other than through Counsel;

B. Award Plaintiff her reasonable attorney's fees and costs;

C. Award any other just relief under the law that this Court deems appropriate.

### COUNT II

**SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION INC.'S FAILURE TO REASONABLY ACCOMMODATE**

56. MORRIS re-alleges and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

57. MORRIS suffers a disability that substantially limits her major life activities.

58. MORRIS's ESAs help ameliorate the symptoms of her disabilities.

59. MORRIS has a disability related need to live with her ESAs in order to have equal use and enjoyment of her dwelling within Sunshine Mobile Village.

60. MORRIS requested that SUNSHINE waive its restrictions so that she may reside with her ESAs and benefit from the emotional support and companionship they provide.

61. SUNSHINE was provided reliable verification of MORRIS's disabilities and need to live with her emotional support animal.

62. SUNSHINE had actual knowledge of MORRIS's disability and her need to live with her hens for disability related emotional support, and instead demanded MORRIS provide extraneous information.

63. As of the date of this filing SUNSHINE has failed to grant an accommodation.

64. SUNSHINE has constructively denied MORRIS an accommodation by demanding extraneous information.

65. Accommodating MORRIS's need to reside with her ESAs would not: 1) result in substantial physical damage to the property of others; 2) pose an undue financial and administrative burden; or 3) fundamentally alter the nature of SUNSHINE's operations.

66. SUNSHINE'S failure to accommodate for MORRIS's disability is discriminatory and unlawful.

67. SUNSHINE's actions and conduct constitute a conscious and reckless disregard for MORRIS's rights and show total indifference to MORRIS's disabilities.

68. Through SUSNHINES's conduct and acts described above, it violated 42 U.S.C. § 3604(f)(3)(B), FHA, by failing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations are necessary to afford MORRIS an equal opportunity to use and enjoy her dwelling.

69. The discriminatory conduct of SUNSHINE was intentional, willful, and taken in total disregard for Plaintiff's rights.

70. As a direct and proximate result of SUNSHINE's failure to accommodate, MORRIS has suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of her right to equal housing opportunities regardless of disability.

WHEREFORE, Plaintiff DEBBIE MORRIS demands judgment against the Defendant. declaring that the actions of SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION, INC. violated the Fair Housing Act and the by discriminating against a person with a disability, and to award Plaintiff compensatory and punitive damages, and her attorneys' fees and costs as well as any other such relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all issues so triable.

| | |
|---|---|
| MARCY I. LAHART PA | VENZA LAW LLC |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| Telephone: (352) 224-5699 | office: (561) 596-6329 |
| Facsimile: (888) 400-1464 | email: dvenza@venzalawpllc.com |
| marcy@floridaanimallawyer.com | |
| | |
| BY: *s/ Marcy I. LaHart* | BY: *s/Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 599220 |
| Counsel for Plaintiffs | Counsel for Plaintiffs |