**JoAnn Nesta Burnett, Esq.**
Senior Attorney
Phone: (954) 985-4192   Fax: (954) 985-4176
jburnett@beckerlawyers.com



**Becker & Poliakoff**
**1 East Broward Blvd., Suite 1800**
**Ft. Lauderdale, FL 33301**

September 3, 2019

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**NO: 9414 8149 0237 0576 0589 91**
**AND REGULAR US MAIL**
Karen Morris
13651 Gannet Drive
Fort Myers, FL 33908

Re:  Sunshine Mobile Village Residents Association, Inc.
     Request for Better Medical Opinion/Remedy Nuisance
     Our File No. S26496-394467

Dear Ms. Morris:

Please be advised that this firm represents **Sunshine Mobile Village Residents Association, Inc.** (the "Association"). The Association's Rules and Regulations prohibit livestock, including chickens, on the property. You made a request for an accommodation to maintain an undisclosed number of chickens as emotional support animals. In support of your request, you provided a letter from Tariq Halim, M.D., dated August 12, 2019. The Association is not able to approve your requested accommodation to maintain these assistance animals in your home at this time because it requires additional information from your medical provider. To be clear, the Association is not denying your request, but additional information is required before the Association can properly evaluate your requested accommodation.

The Florida and Federal Fair Housing Acts can require a reasonable accommodation to an Association's rules, policies, and procedures. One such situation is to accommodate a person's physical or mental handicap/disability that substantially impairs the person's major life activities and requires an accommodation to address a handicap/disability. The Association will make a reasonable accommodation in situations where the handicap/disability is properly documented and the relationship between the disability and the need for the reasonable accommodation is provided.

Karen Morris
September 3, 2019
Page 2

The letter states that you have an emotional disability. However, the letter does not state which of your major life activities are impaired or explain how each of the chickens ameliorates the effects of the disability. Accordingly, your medical professional must establish that you are physically or mentally disabled as that term is defined in the Florida and federal Fair Housing Acts and provide the missing information. Additionally, the Association requires the credentials of the medical provider, as well. The letter must also explain how many chickens you have and what each chicken does for you that the other cannot.

The information requested is not sought for the purpose of upsetting or harassing you, but instead, it is sought for the sole purpose of properly documenting the request he made and protecting him, as well as all other owners and occupants. *Hawn v. Shoreline Towers Phase I Condominium Ass'n, Inc.* 2009 WL 691378 (N.D. Fla. 2009) *aff'd Hawn v. Shoreline Towers Phase I Condominium Ass'n, Inc.*, 347 Fed. Appx. 464 (11th Cir. 2009) is a case finding no discrimination where an Association requested additional information to substantiate a request for an emotional support animal, where an Association is unable to make a meaningful review of the request.

"It is incumbent upon a landlord to request documentation or open a dialogue" with the requesting party to obtain the requested information. "The duty to make a reasonable accommodation does not simply spring from the fact that the handicapped person wants such an accommodation made. The Association must instead have the ability to conduct a meaningful review of the requested accommodation."

The Association is also conducting further research regarding the reasonableness of chickens in a residential community. As I understand it, the Lee County Land Development Code prohibits chickens in the Mobile Home (MH-1) zoning district for which you have been cited (e.g., Code Enforcement Case Nos. VIO2019-04603, CPL2019-02003, VIO2018-14369, and CPL2018-11725). That will play a factor in the evaluation of this request. The Association requests that you provide the above stated additional information to support your requested accommodation **as quickly as possible** since the chickens are already in your home. Please note that the Association is not denying, and has not denied, your request. Instead, the Association is engaging in the interactive process in an attempt to obtain sufficient information to conduct a meaningful review of this request.

Having said that, the chickens cannot be a nuisance to others or they will not be permitted. There have been complaints that the chickens have gotten out of your home

Karen Morris
September 3, 2019
Page 3


and were roaming the neighborhood until you were able to catch them. This is not permitted. Further, there have been complaints about the excessive noise the chickens are creating which you attempt to drown out by increasing the volume on your television and/or radio to unacceptable levels. This will not be tolerated. Finally, there have been complaints about a noxious odor coming from your home caused by the chickens. Regardless of whether you are disabled and require an emotional support animal(s), the animals may not create a nuisance. You must remedy these nuisances immediately.

We thank you in advance for your anticipated, prompt response and cooperation.

Very truly yours,

*[signature: JoAnn Nesta Burnett]*

JoAnn Nesta Burnett
For the Firm


cc:     Board of Directors (via email)
        Kathleen Berkey, Esq.

ACTIVE: S26496/394467:12721828_1