

# Marcy I. LaHart PA

207 SE Tuscawilla Road
Micanopy, FL 32667
352/545-7001
Fax: 888-400-1461
marcy@floridaanimallawyer.com

September 26, 2019

David Paschall, Chief                  *via electronic mail:* DPaschall@leegov.com
Community Development
1500 Monroe Street
Fort Myers, FL 33901

    RE:    Amended Request for accommodation on behalf of
            Karen Morris

Dear Mr. Paschall:

      Please consider this correspondence a formal request on behalf of Karen Morris that Lee County waive any restriction that would prevent her from residing with her chickens for disability-related emotional support. This request is made pursuant to the Federal and Florida Fair Housing acts.
      I understand that Karen Morris has already provided the county with correspondence from her psychiatrist verifying that she suffers from a mental impairment that substantially impacts her major life activities, and that she requires her chickens to ameliorate the symptoms of her disability. Per HUD guidance, documentation of a disability is sufficient if it establishes that an individual has a disability and that the animal(s) in question provide some type of disability related support.
      As you should be aware, the fair housing acts require Lee County to waive or modify its rules, practices or policies when necessary to afford a disabled person equal opportunity to use and enjoy a dwelling. See *Howard v. City of Beavercreek*, 276 F.3d 802, 806 (6th Cir. 2002) (The FHAA "creates an affirmative duty on [a] municipalit[y] . . . to afford its disabled citizens reasonable accommodations in its municipal zoning practices if necessary to afford such persons equal opportunity in the use and enjoyment of their property."), see also 42 U.S.C. § 3604(f). A requested accommodation may be denied only if it requires "a fundamental alteration in the nature of a program" or imposes "undue financial and administrative burdens." *Schaw v. Habitat for Human. of Citrus Cty., Inc.*, No. 17-13960, 2019 U.S. App. LEXIS 27973 (11th Cir. Sep. 18, 2019), citing *Se. Cmty. Coll. v. Davis*, 442 U.S. 397, 99 S. Ct. 2361 (1979).

Request For Accommodation
Mr. David Paschall
September 26, 2019
Page 2

Maintaining a small number of chickens does not fundamentally alter residential neighborhoods, and in fact many local governments have ordinances allowing chickens to be kept in single and multi-family zones so that citizens may enjoy fresh eggs. Many other municipalities have waived zoning restrictions for other types of assistance animals that would not otherwise be permitted, such as pot-bellied pigs and miniature horses.  See for example *Anderson v. City of Blue Ash*, 798 F.3d 338, 363 (6th Cir. 2015) (allowing a miniature therapy horse to reside in disabled girl's backyard wouldn't necessarily fundamentally alter the nature of single-family neighborhoods).

My client and I are ready and willing to engage in dialogue regarding reasonable conditions that would mitigate any negative impacts stemming from Ms. Morris's chickens. May I please hear from you regarding this matter?

    Sincerely,

    s/ *Marcy LaHart*

    Marcy I. LaHart, Esq.
    Counsel for Karen Morris