IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA
CIVIL ACTION

ROSEMARIE FLETCHER,

       Plaintiff,                                             CASE NO. 19-CA-6622

v.

ISMAEL FERNANDEZ and
LYNN MARIE STAPLES,

       Defendants.
_____/

## ANSWER

COMES NOW, Defendant, LYNN MARIE STAPLES, by and through her undersigned counsel, and answers the complaint of ROSEMARIE FLETCHER, as follows:

1. Admitted for jurisdictional purposes only, otherwise denied.

2. Without knowledge, therefore denied.

3. Without knowledge, therefore denied.

4. Denied.

5. Denied.

6. Denied.

## COUNT I – NEGLIGENCE AGAINST ISMAEL FERNANDEZ

7. Defendant repeats her responses to paragraphs 1 through 6 above, as if fully set forth herein.

8. Denied.

9. Denied.

10. Denied.

## COUNT II – NEGLIGENCE AGAINST LYNN MARIE STAPLES

11. Defendant repeats her responses to paragraphs 1 through 10 above, as if fully set forth herein.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

Defendant denies each and every allegation of Plaintiff's Complaint not specifically referred to above. Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

As and for its First Affirmative Defense, Defendant alleges that the sole and proximate cause of the damages alleged by the Plaintiff was due to the carelessness and negligence of the Plaintiff, or in the alternative, the carelessness and negligence of the Plaintiff contributed to the cause of the accident, such that the negligence of all the parties, if any, should be compared.

As and for its Second Affirmative Defense, Defendant alleges entitlement to all provisions of Section 768.81, Florida Statutes.

As and for its Third Affirmative Defense, Defendant alleges that Plaintiff's damages, if any, shall be set off to the extent of payments made to Plaintiff, or on his/her behalf, by collateral sources.

As and for its Fourth Affirmative Defense, Defendant alleges that at the time of the accident, Plaintiff, failed to wear an available and operational seat belt, such failure was unreasonable under the circumstances and caused or contributed to the injuries received by the Plaintiff.

As and for its Fifth Affirmative Defense, Defendant alleges that the Plaintiff may not recover any damages for past or future medical expenses above that amount which was paid and accepted or which is to be paid and accepted by Plaintiff's healthcare providers as payment in full. Defendant is entitled to a set-off against the Plaintiff's medical expenses for all contractual discounts representing the difference between the amounts billed by the Plaintiff's medical providers and the amounts paid pursuant to the fee schedules or the contracts between the Plaintiff's medical providers, insurers and/or payors, as well as any


other write-offs or reductions of any kind.  Goble v. Frohman, 901 So. 2d 830 (Fla. 2005) and Winnans v. Weber, 979 So. 2d 269 (Fla. 2d DCA 2007).

As and for its Sixth Affirmative Defense, Defendant alleges Plaintiff's damages, if any, have been furthered or heightened by his/her failure to mitigate his/her damages.

As and for its Seventh Affirmative Defense, Defendant alleges that Plaintiff has the burden of proving compliance with Florida Statute §627.737, commonly referred to as "Florida's No-Fault Threshold" and Plaintiff must prove that Plaintiff has satisfied Florida's no-fault threshold requirements and, to the extent that Plaintiff is unable to meet the foregoing burden, said Statute should specifically bar the Plaintiff from any action and/or recovery against this Defendant under the facts and circumstances of this case.

As and for its Eighth Affirmative Defense, Defendant alleges that in the event any named co-defendant settles out of the case prior to trial, this Defendant alleges that they should be included on the verdict form as a *Fabre* defendant based upon the allegations of negligence set forth against them in Plaintiff's complaint.

I HEREBY CERTIFY that on this 19th day of November, 2019,  a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the E-Portal Filing System and a copy of the same will be served by e-service upon the following: Joseph Piomelli, Esq., joe@thesalamehlawgroup.com; adrian@thesalamehlawgroup.com; ellie@thesalamehlawgroup.com.

YESLOW & KOEPPEL, P.A.
Attorneys for Defendant
1617 Hendry Street, Suite 205
Fort Myers, FL 33901
(239) 337-4343
Primary:  steve@yklegal.com
Secondary: kris@yklegal.com

By:/s/ Steven G. Koeppel
       Steven G. Koeppel
       Florida Bar No. 602851