UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN MORRIS,

    Plaintiff,

v.                                      Case No. 2:19-cv-790-T-60NPM

LEE COUNTY and SUNSHINE
MOBILE VILLAGE RESIDENTS
ASSOCIATION, INC.,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND DEFERRING RULING ON MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on Plaintiff Karen Morris's motion for a temporary restraining order and preliminary injunction (Doc. # 11), filed by counsel on November 27, 2019. After reviewing the motion, court file, and the record, the Court finds as follows:

**BACKGROUND**

Plaintiff currently resides with four Rhode Island Red hens in a mobile home community in Lee County, Florida. Defendant Lee County claims that keeping the hens violates its county code and has fined Plaintiff, threatening further fines if she does not remove the hens. Plaintiff contends that she is disabled and that the animals provide emotional support. As such, Plaintiff argues that under the Fair Housing Act, she is entitled to a reasonable accommodation permitting her to keep the hens. Plaintiff currently seeks a temporary restraining order and a preliminary injunction

enjoining Lee County from entering her property and fining her for any reason related to her emotional support animals while the Court fully considers the merits of her housing discrimination claims.

## **LEGAL STANDARD**

A district court is authorized to issue a temporary restraining order without notice to the adverse party only in limited emergency circumstances. *See* Fed. R. Civ. P. 65(b); Local Rule 4.05. The movant bears the burden of establishing entitlement to a TRO and must demonstrate: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).

Where the movant requests issuance of a TRO without notice to the adverse party, the district court must first determine whether the movant has shown adequate justification for such *ex parte* relief before addressing whether the movant has met the four-pronged test. *See Emerging Vision, Inc. v. Glachman*, No. 9:10-cv-80734-KLR, 2010 WL 3293346, at *3 (S.D. Fla. June 29, 2010), *report and recommendation adopted*, No. 10-cv-80734-KLR, 2010 WL 3293351 (S.D. Fla. Aug. 11, 2010). Accordingly, Rule 65 of the Federal Rules of Civil Procedure permits a district court to issue a no-notice TRO only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)–(B).  A no-notice TRO "is an extreme remedy to be used only with the utmost caution." *Levine v. Camcoa, Ltd.,* 70 F.3d 1191, 1194 (11th Cir. 1995).

## **ANALYSIS**

Initially, the Court finds that the TRO motion is procedurally insufficient.  The Court may only issue a TRO if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained.  *See* Fed. R. Civ. P. 65(c); *Williamson v. Bank of America, N.A.*, No. 1:12-cv-01829-JEC-RGV, 2012 WL 12883933, at *2 (N.D. Ga. May 29, 2012).  However, Plaintiff has not tendered or offered to tender any amount as security for a TRO.  Instead, she merely believes that Lee County will not suffer harm if a TRO is entered, but she provides no specific legal citation for why a security is not necessary in this case.  *See CS Business Systems, Inc. v. Schar*, No. 5:17-cv-86-Oc-PGBPRI, 2017 WL 1449683, at *3 (M.D. Fla. Mar. 31, 2017).  Although a security may be waived in some circumstances, Plaintiff has failed to put forth sufficient facts or legal arguments showing that she should be entitled to a waiver of the security requirement.  Consequently, the TRO motion is due to be denied.

Moreover, without undertaking substantial and unnecessary analysis, the Court finds that Plaintiff has failed to establish entitlement to a TRO.  Although Plaintiff indicates an intent to serve Lee County with a copy of the TRO motion, she does not detail any efforts made to give notice to Lee County prior to the filing of her motion, nor does she assert any specific facts that clearly show she will suffer immediate and

irreparable injury, loss, or damage before Lee County can be heard in opposition. Fed. R. Civ. P. 65(b)(1)(A)–(B). In light of these deficiencies, the Court is not able to address Plaintiff's allegations without input from Lee County and is unwilling to permit use of such an extreme remedy. Because Plaintiff has failed to meet the high burden for the issuance of a TRO, her motion must be denied.

The Court will **defer ruling** on the portion of the motion seeking a preliminary injunction until such time that Lee County may be heard in opposition.

It is therefore **ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's motion for a temporary restraining order is hereby **DENIED**.
2. The Court will **DEFER RULING** on Plaintiff's motion for a preliminary injunction until such time that Lee County may be heard in opposition.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 3rd day of December, 2019.

   
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**