UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBBIE MORRIS,

        Plaintiff,                      CASE NO. 2:19-cv-790

v.

LEE COUNTY and SUNSHINE MOBILE
VILLAGE RESIDENTS ASSOCIATION,
INC.,

        Defendants.
_____/

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant, SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION, INC., by and through its undersigned counsel, and answers the amended complaint of Plaintiff, DEBBIE MORRIS, as follows:

### INTRODUCTION

1. Admitted for jurisdictional purposes only.

### I. JURISDICTION AND VENUE

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

### II. PARTIES

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Admitted.

8. Admitted.

### FACTS

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. The referenced letter speaks for itself.

25. The referenced letter speaks for itself.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The referenced letter speaks for itself.

31. The referenced letter speaks for itself.

32. The referenced letter speaks for itself.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT I
## LEE COUNTY'S FAILURE TO REASONABLY ACCOMMODATE

50. Defendant repeats its responses to paragraphs 1 through 49 above, as if fully set forth herein.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Without knowledge, therefore denied.

57. Without knowledge, therefore denied.

58. Denied.

59. Denied.

60. Without knowledge, therefore denied.

61. Without knowledge, therefore denied.

62. Without knowledge, therefore denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Without knowledge, therefore denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Without knowledge, therefore denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied

## COUNT II
## SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION, INC.'S
## FAILURE TO REASONABLY ACCOMMODATE

73. Defendant repeats its responses to paragraphs 1 through 49 above, as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

**COUNT III**
**LEE COUNTY'S MAKING PLAINTIFF'S DWELLING UNAVAILABLE**
**ON ACCOUNT OF DISABILITIES**

96. Defendant repeats its responses to paragraphs 1 through 49 above, as if fully set forth herein

97. Denied.

98. Denied.

99. Denied.

Defendant denies each and every allegation of Plaintiff's amended complaint not specifically referred to above. Defendant demands a trial by jury.

**AFFIRMATIVE DEFENSES**

As and for its First Affirmative Defense, Defendant alleges Plaintiff(s) damages, if any, have been furthered or heightened by his/her failure to mitigate his/her damages.

As and for its Second Affirmative Defense, Defendant alleges that if Plaintiffs have sustained or incurred any damages on the matters referred to in the complaint, it is the result, in whole or in part, of the negligence of other persons, corporations, entities, organizations or other parties other than the Defendant and, that accordingly, the Defendant would bear no responsibility therefore; or alternatively the carelessness or negligence of such other persons, corporations, entities, organizations or parties contributed to the cause of the incident complained of so that the negligence of all persons, corporations, entities, organizations or parties, if any, must be compared.

As and for its Third Affirmative Defense, Defendant alleges that the association bylaws, requirements, declarations and rules, which, if applicable to this instant action as alleged and pled by Plaintiff are asserted herein.

As and for its Fourth Affirmative Defense, Defendant alleges that Plaintiff failed to adhere to and abide by the association bylaws, requirements, declarations, rules and/or duties.

I HEREBY CERTIFY that on this 17th day of December, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the E-Portal Filing System and a copy of the same will be served by e-service upon the following: Marcy I. LaHart, Esq., marcy@floridaanimallawyer.com; Denese Venza, Esq., devenza@venzalawpllc.com.

        YESLOW & KOEPPEL, P.A.
        Attorneys for Defendant
        1617 Hendry Street, Ste. 205
        Fort Myers, FL 33901
        (239) 337-4343
        Primary: steve@yklegal.com
        Secondary: kris@yklegal.com

        By: /s/ Steven G. Koeppel
            Steven G. Koeppel
            Florida Bar No. 602851