UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBBIE MORRIS,

      Plaintiff,                                         CASE NO. 2:19-cv-790

v.

LEE COUNTY and SUNSHINE MOBILE
VILLAGE RESIDENTS ASSOCIATION,
INC.,

      Defendants.
_____/

## AMENDED ANSWER TO AMENDED COMPLAINT

COMES NOW, Defendant, SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION, INC., by and through its undersigned counsel, and answers the amended complaint of Plaintiff, DEBBIE MORRIS, as follows:

### INTRODUCTION

1. Admitted for jurisdictional purposes only.

### I. JURISDICTION AND VENUE

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Admitted for jurisdictional purposes only.

### II. PARTIES

5. Without knowledge, therefore denied.

6. Without knowledge, therefore denied.

7. Admitted.

8. Admitted.

### FACTS

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Without knowledge, therefore denied.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Without knowledge, therefore denied.

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Without knowledge, therefore denied.

19. Denied.

20. Without knowledge, therefore denied.

21. Denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. The referenced letter speaks for itself.

25. The referenced letter speaks for itself.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. The referenced letter speaks for itself.

31. The referenced letter speaks for itself.

32. The referenced letter speaks for itself.

33. Without knowledge, therefore denied.

34. Without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Without knowledge, therefore denied.

37. Denied.

38. Without knowledge, therefore denied.

39. Without knowledge, therefore denied.

40. Without knowledge, therefore denied.

41. Without knowledge, therefore denied.

42. Without knowledge, therefore denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT I
## LEE COUNTY'S FAILURE TO REASONABLY ACCOMMODATE

50. Defendant repeats its responses to paragraphs 1 through 49 above, as if fully set forth herein.

51. Without knowledge, therefore denied.

52. Without knowledge, therefore denied.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Without knowledge, therefore denied.

56. Without knowledge, therefore denied.

57. Without knowledge, therefore denied.

58. Denied.

59. Denied.

60. Without knowledge, therefore denied.

61. Without knowledge, therefore denied.

62. Without knowledge, therefore denied.

63. Without knowledge, therefore denied.

64. Without knowledge, therefore denied.

65. Without knowledge, therefore denied.

66. Without knowledge, therefore denied.

67. Without knowledge, therefore denied.

68. Without knowledge, therefore denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied

**COUNT II**
**SUNSHINE MOBILE VILLAGE RESIDENTS ASSOCIATION, INC.'S**
**FAILURE TO REASONABLY ACCOMMODATE**

73. Defendant repeats its responses to paragraphs 1 through 49 above, as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## COUNT III
## LEE COUNTY'S MAKING PLAINTIFF'S DWELLING UNAVAILABLE
## ON ACCOUNT OF DISABILITIES

96. Defendant repeats its responses to paragraphs 1 through 49 above, as if fully set forth herein

97. Denied.

98. Denied.

99. Denied.

Defendant denies each and every allegation of Plaintiff's amended complaint not specifically referred to above.  Defendant demands a trial by jury.

## AFFIRMATIVE DEFENSES

As for its First Affirmative Defense, Defendant alleges Plaintiffs requested accommodation is unreasonable under the circumstances, as it creates an undue financial and administrative burden on defendant, fundamentally alters the nature of Defendant's operation, and constitutes a direct threat to the

health and safety of other property owners. Specifically, Plaintiff's requested accommodation for permission to maintain 4 chickens inside her home has previously caused strong unpleasant odors to permeate the real property surrounding plaintiff's dwelling and negatively affects surrounding property owners enjoyment of property. Plaintiff would be unduly financially burdened in eliminating the odors and unduly administratively burdened to monitor the existence of same. Additionally, numerous complaints resulting from surrounding property owners evidence that the requested accommodation fundamentally altars Defendant's operation to provide enjoyable property to it's owners through Defendant's uniform rules and regulations. Finally, the lingering odors constitute a direct threat to the health and safety of other property owners.

I HEREBY CERTIFY that on this 13th day of January, 2020, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the E-Portal Filing System and a copy of the same will be served by e-service upon the following: Marcy I. LaHart, Esq., marcy@floridaanimallawyer.com; Denese Venza, Esq., devenza@venzalawpllc.com; Gregory A. Hearing, Esq., Sacha Dyson, Esq., Gregory.hearing@gray-robinson.com; sacha.dyson@gray-robinson.com.

YESLOW & KOEPPEL, P.A.
Attorneys for Defendant
1617 Hendry Street, Ste. 205
Fort Myers, FL 33901
(239) 337-4343
Primary: steve@yklegal.com
Secondary: kris@yklegal.com

By:/s/ Steven G. Koeppel_____
    Steven G. Koeppel
    Florida Bar No. 602851